UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN K.,[1]

                                                Plaintiff,                    Case # 20-CV-437-FPG

v.                                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

## INTRODUCTION

Plaintiff Susan K. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 16, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In June 2014, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 187. She alleged disability since March 2013 due to post-concussion syndrome, vertigo, chronic migraines, memory loss, cognitive issues, concentration issues, rheumatoid arthritis, fibromyalgia, depression, and anxiety. Tr. 114-15, 187. In March 2017, Administrative

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 13.

Law Judge Stephen Cordovani ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 28-49. Plaintiff appealed to this Court, which remanded the matter back to the Commissioner for further administrative proceedings pursuant to a stipulation by the parties. Tr. 1131-38. Plaintiff appeared before the ALJ for a new hearing and the ALJ subsequently issued a December 2019 decision finding that Plaintiff is not disabled and is not entitled to benefits under the Act, making the ALJ's decision the final decision of the Commissioner. Tr. 1058-92. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present

evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from March 16, 2013, her alleged onset date, through her date last insured of December 31, 2018. Tr. 1064. At step two, the ALJ found that, through the date last insured, the Plaintiff had the following severe impairments: obesity, post-concussion syndrome with migraine headaches, occipital neuralgia and vertigo, rheumatoid arthritis, fibromyalgia, insomnia, generalized anxiety disorder, and depressive disorder. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. *Id.*

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work with additional limitations. Tr. 1068. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 1081. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ therefore found that Plaintiff was not disabled. Tr. 1082-83.

### II. Analysis

Plaintiff argues that remand is warranted on two grounds: (1) the ALJ improperly evaluated the opinion evidence of Alanna Castaldo, RPA-C and Cassondra Stolzenburg, PA-C, ECF No. 16-1 at 22-29; and (2) the ALJ improperly "cherry-picked" evidence which resulted in an RFC not

supported by substantial evidence, *id.* at 19-22.  Because the Court agrees that remand is required based on the ALJ's assessment of the opinion of Cassondra Stolzenburg, PA-C, it does not address Plaintiff's other arguments.

Plaintiff takes issue with the ALJ's assignment of only "little weight" to the opinion of Cassondra Stolzenburg, PA-C ("Stolzenburg").  ECF No. 16-1 at 26-29.  The ALJ assigned little weight to Stolzenburg's opinion because it was "inconsistent with the longitudinal medical records, and belied by the [Plaintiff's] own activity level."  Tr. 1079.  Plaintiff argues that the ALJ's rejection of Stolzenburg's opinion "largely ignores" some of the limitations expressed therein and that the relevant factors of "frequency, length, nature, and extent of [Plaintiff's] treatment" with Stolzenburg supports the opinion.  ECF No. 16-1 at 26.

The Commissioner responds that the ALJ gave adequate reasons for discounting Stolzenburg's opinion and considered the relevant factors, including treatment relationship.  ECF No. 17-1 at 18.  Additionally, the Commissioner notes that the ALJ "need not mention every piece of evidence or explain all of his reasoning"—especially in light of the fact that Stolzenburg, as a physician's assistant, is a "non-acceptable medical source."  *Id.*

The Commissioner is correct that Stolzenburg is a not an "acceptable medical source," within the meaning of the relevant regulations, but rather an "other" medical source.  20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1).  "While opinions from 'other sources' are 'important' and 'should be evaluated on key issues such as impairment severity and functional effects,' S.S.R. 06-03p, 2006 WL 2329939, *3 (S.S.A. Aug. 9, 2006), they are not 'presumptively entitled to controlling weight.'"  *Thomas v. Berryhill*, 337 F. Supp. 3d 235, 240 (W.D.N.Y. 2018) (citing *Sirris v. Colvin*, No. 15-CV-1003, 2016 WL 6090585, *3 (W.D.N.Y. Oct. 19, 2016)).  Nonetheless, "[t]he regulations permit consideration of opinions by other treating sources 'to show the severity of [the

claimant's] impairment(s) and how it affects [the claimant's] ability to work." *Id.* (quoting *Fitzwater v. Berryhill*, No. 16-cv-696, 2017 WL 4563899, *5 (W.D.N.Y. Oct. 13, 2017) (alterations in original) (citation omitted)).

An ALJ may exercise his or her discretion "to decide that the opinions of 'other sources' . . . are entitled to no weight or little weight," however, "those decisions should be explained" and based on the evidence in the record as a whole. *Oaks v. Colvin*, No. 13-CV-917, 2014 WL 5782486, *8 (W.D.N.Y. Nov. 6, 2014). "As with 'recognized medical sources, the amount of weight to give [other source] opinions is based in part on the examining and treatment relationship, length and frequency of the examinations, the extent of relevant evidence given to support the opinion, and consistency with the record as a whole.'" *Thomas*, 337 F. Supp. 3d at 241 (quoting *Fitzwater*, 2017 WL 4563899 at *5 (alteration omitted) (additional citation and internal quotation marks omitted)).

In addition, the ALJ should "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ]'s reasoning." *Sirris*, 2016 WL 6090585 at *3 (citing S.S.R. 06-03p, 2006 WL 2329939 at *6).

Here, Stolzenburg issued a physical RFC questionnaire, dated March 25, 2019. Tr. 1575-82. That report indicated that Plaintiff began treatment at Stolzenburg's office in 2013. Tr. 1577. Stolzenburg diagnosed Plaintiff with post-concussion syndrome, indicating that her symptoms included dizziness, migraines, insomnia, difficulty balancing, mixes up speech, difficulty concentrating, short term memory issues, and difficulties doing basic tasks like going to the grocery store due to dizziness and nausea. Tr. 1577. As a part of her clinical assessments, Stolzenburg indicated, *inter alia*, that (1) Plaintiff would need hourly breaks that could last an

hour; and (2) Plaintiff would miss four days per month of work due to her impairments or treatment. Tr. 1579-80.

The ALJ discussed Stolzenburg's opinion in his determination, specifically acknowledging her findings that Plaintiff would sometimes require unscheduled breaks, would likely need such breaks every hour, and would be absent from work more than four days per month. Tr. 1079. On balance, the ALJ attributed "little weight" to Stolzenburg's opinion as "inconsistent with the longitudinal medical records, and belied by the [Plaintiff's] own activity level." Tr. 1079.

As explained above, an ALJ evaluating the opinion of non-acceptable medical sources is obligated to "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06–3p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006). Here, the ALJ failed to meet that obligation. The ALJ failed to discuss portions of Stolzenburg's opinion without providing an explanation for failing to do so. For example, he did not mention or discuss the fact that Stolzenburg opined that, when Plaintiff required an unscheduled break—which would likely occur every hour—she would likely need "at least an [hour]" of rest, sometimes more if her symptoms were particularly bad, before she could return to work. *See* Tr. 1079, 1579. This finding in Stolzenburg's opinion bears on Plaintiff's ability to perform the limited range of sedentary work the ALJ ascribed to Plaintiff—and thus would have an effect on the outcome of this case. Yet, the ALJ made no mention of it.

Furthermore, there is no indication that the length and frequency of Plaintiff's treating relationship with Stolzenburg entered the ALJ's calculus in any manner—as it should under the law. *See Beckers v. Colvin*, 38 F. Supp. 3d 362, 371 (W.D.N.Y. 2014). Plaintiff has undergone "continued" treatment with Stolzenburg since 2013, Tr. 1577, yet the ALJ's decision lacks any

discussion of this factor and fails to account for whether the ALJ considered it when assigning weight to Stolzenburg's opinion. *See Hernandez v. Astrue*, 814 F. Supp. 2d 168, 188 (E.D.N.Y. 2019).

While "the ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony, he cannot simply selectively choose evidence in the record that supports his conclusions." *Montanez v. Berryhill*, 334 F. Supp. 3d 562, 565 (W.D.N.Y. 2018) (citation & internal quotation marks omitted). On remand, the ALJ is directed to clearly delineate which portions of Stolzenburg's opinions will be incorporated into his RFC finding, which will not be included, and the reasons for those determinations. To the extent that the ALJ does not include portions of Stolzenburg's opinion, the ALJ is directed to explain, in accordance with SSR 06–03p, why the opinion was not afforded more significant weight.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 16, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 17, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 21, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York